# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| J.P. MORGAN SECURITIES LLC, | ) |
| | ) CASE NO: 1:19-cv-4163-TWP-MPB |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIK W. WEISS, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER PERMITTING EXPEDITED DISCOVERY

Plaintiff J.P. Morgan Securities LLC ("JPMorgan"), by counsel, for its Motion for Temporary Restraining Order and an Order Permitting Expedited Discovery, respectfully show the Court as follows:

1. Plaintiff JPMorgan respectfully moves this Court for a Temporary Restraining Order against defendant Erik W. Weiss ("Defendant"), and for expedited discovery in connection therewith.

2. This dispute arises out of Defendant's recent departure from JPMorgan and the commencement of his employment on September 13, 2019 with his new firm, Raymond James & Associates, Inc. ("Raymond James"), a direct competitor of JPMorgan. JPMorgan concurrently is filing a Complaint in this action with the Court, which is incorporated herein by reference.

3. JPMorgan is in the process of commencing a related arbitration against Defendant seeking a permanent injunction and other relief for the wrongdoing alleged in the Complaint. JPMorgan has the express right to seek temporary injunctive relief before a court of competent jurisdiction pending the outcome of arbitration before a full panel of duly-appointed arbitrators

pursuant to Rule 13804 of the Code of Arbitration Procedure for Industry Disputes of the Financial Industry Regulatory Authority ("FINRA"), which was created in July 2007 through the consolidation of the National Association of Securities Dealers, Inc. and the member regulation, enforcement and arbitration functions of the New York Stock Exchange.

4. As stated in JPMorgan's Complaint, Defendant is soliciting JPMorgan clients and has converted JPMorgan's confidential and proprietary client information, violating his express contractual obligations to JPMorgan, as well as JPMorgan's company policies, and has breached his duty of loyalty to JPMorgan by converting confidential and trade secret information and using this information to solicit JPMorgan's clients for his benefit and that of his new firm, Raymond James.

5. As stated in JPMorgan's Complaint, unless injunctive relief is issued preventing Defendant from converting JPMorgan's confidential and proprietary client information and soliciting JPMorgan's clients, JPMorgan will be immediately and irreparably harmed by:

> (a) Use and disclosure of JPMorgan's trade secrets and confidential and proprietary information, including customer lists;
>
> (b) Loss of JPMorgan clients, and loss of customer confidence;
>
> (c) Injury to JPMorgan's reputation and goodwill in the Indianapolis area;
>
> (d) Damage to office morale and stability, and the undermining of office protocols and procedures; and
>
> (e) Present economic loss, which is unascertainable at this time, and future economic loss, which is now incalculable.

6. JPMorgan has no adequate remedy at law.

7. The threat of irreparable injury is imminent and ongoing. JPMorgan cannot now begin to quantify the clients, revenues, or assets that Defendant is in the process of converting to his own personal gain. Absent an injunction, JPMorgan will suffer irreparable injury. As set

forth in the accompanying Memorandum of Law, courts considering circumstances similar to those here have repeatedly held in favor of injunctive relief to enjoin the solicitation of clients and to protect the misappropriation of confidential client and trade secret information prior to an adjudication on the merits.

8. Any delay in granting JPMorgan the injunctive relief requested would result in JPMorgan sustaining irreparable harm and the destruction of the status quo pending arbitration.

WHEREFORE, JPMorgan respectfully prays that this Court ORDER and DECREE that:

1. Defendant be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any director, officer, agent, employee and/or representative of Raymond James, from doing any of the following:

   (a) soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan client serviced by Defendant at JPMorgan or whose name became known to Defendant by virtue of his employment with JPMorgan (or any of its predecessors in interest); and

   (b) using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees, and/or JPMorgan's clients.

2. Defendant, and all those acting in concert with him, including but not limited to the directors, officers, employees and agents of Raymond James, shall return to JPMorgan or its counsel all records, documents and/or information in whatever form (whether original, copied, computerized or handwritten), pertaining to JPMorgan's clients, employees and business, within 24 hours of notice to Defendant or his counsel of the terms of such an order.

3. The temporary restraining order shall remain in full force and effect for a period of 14 days pursuant to Fed. R. Civ. P. 65.

4. The parties be granted leave to commence expedited discovery immediately in aid of preliminary injunction proceedings before this Court, including the right to depose Defendant and inspect his personal and business computers and electronic devices.

5. The parties be directed to proceed with arbitration in accordance with Rule 13804 of the FINRA Code of Arbitration Procedure for Industry Disputes.

6. Defendant be required to show cause why the temporary restraining order should not be converted into a preliminary injunction, at a hearing to be conducted on a date and time set by the Court.

Dated: October 9, 2019

                                  Respectfully submitted,

                                  BLACKWELL, BURKE & RAMSEY, P.C.

                                  <u>/s/ Christopher C. Hagenow</u>
                                  CHRISTOPHER C. HAGENOW
                                  Attorney No. 16730-49

BLACKWELL, BURKE & RAMSEY, P.C.
101 West Ohio Street, Suite 1700
Indianapolis, Indiana 46204
Telephone: (317) 635-5005
Facsimile: (317) 634-2501
Counsel for Plaintiff
J.P. Morgan Securities LLC